# Green & Willstatter
### Attorneys at Law
### 200 Mamaroneck Avenue
### Suite 605
### White Plains, New York 10601

Theodore S. Green  
Richard D. Willstatter

(914) 948-5656  
Fax (914) 948-8730

e-mail: theosgreen@msn.com

April 3, 2020

Hon. Vincent L. Briccetti  
United States District Court  
300 Quarropas Street  
White Plains, New York 10601

Re:   *United States v. Matthew Coke*  
      20-cr-98 (VB)

Dear Judge Briccetti:

      This letter is an application to release Matthew Coke on bond or, alternatively, for a detention hearing to be held as soon as practicable. A detention hearing was held before Hon. Lisa Margaret Smith, U.S.M.J. at Mr. Coke's initial presentment on the underlying complaint, at which time Mr. Coke was ordered detained. A copy of the transcript of that hearing is annexed hereto as Exhibit A. Mr. Coke seeks *de novo* review of this detention order both as of right pursuant to 18 U.S.C. §3145(b) and in light of changed circumstances brought on by the worldwide COVID-19 health crisis. Mr. Coke is held at the Westchester County Jail (WCJ).

      At the last conference, the Court adjourned this matter to April 16, 2020. The indictment alleges one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. §1951, one count of Hobbs Act robbery, 18 U.S.C. §1951, and a firearm count under 18 U.S.C. §924(c), where it is alleged that firearms were brandished and discharged.

      I have advised the government of my intention to make this application and have not yet been advised of the government's position. We propose that Mr. Coke, who is 21 years old, be released to home detention enforced by electronic monitoring upon a bond secured by two financially responsible persons. If released, Mr. Coke would reside at his residence in Middletown, New York, with his mother, his stepfather, and his two younger siblings. Mr. Coke's mother, Bayyinah Coke, is a registered nurse and his stepfather, Richard Lester is employed providing care for disabled adults with a facility operated by the New York State Office for People with Developmental Disabilities. I am advised that both Ms. Coke and Mr. Lester are willing to serve as cosigners of a bond. Based on their combined earnings, we ask that the bond be in an amount not more than $100,000. Mr.

Coke's community ties also include his being in a stable relationship with a young woman, Amalia Moreale, who lives not far from him with her family and who is the mother of his one-year-old child. Mr. Coke and Ms. Moreale are expecting a second child in May.

As the Court is no doubt well aware, New York state and, in particular, the New York metropolitan area including Westchester County, are in the midst of a serious and urgent public health crisis brought on by the COVID-19 pandemic. As of this writing, New York state reports 92,770 confirmed cases with 2,653 deaths.

Yesterday, it was reported that 23 employees of the Westchester County jail and six inmates had tested positive for coronavirus. (Mark Lungariello, *23 Westchester County jail workers, 6 inmates test positive for coronavirus*, Westchester Journal News (Apr. 2, 2020), at https://www.lohud.com/story/news/coronavirus/2020/04/02/westchester-jail-coronavirus-inmates-officers/5108859002/

It had earlier been reported that some housing units at the jail had been put under quarantine pending further testing. (Mark Lungariello, *Coronavirus: Westchester County Jail up to 3 confirmed cases, masks distributed*, Westchester Journal News (Mar. 23, 2020), at https://www.lohud.com/story/news/coronavirus/2020/03/23/coronavirus-westchester-county-jail-covid-19/2897283001/).

On March 13, 2020, WCJ announced that all civilian visits to the jail are suspended. In separate video conferences with other clients, I was informed that inmates are not being given access to the WCJ law library, where inmates go not only to conduct legal research but to examine electronically stored discovery from their cases. Recently, I have been unsuccessful in scheduling video conferences with clients at the jail, including Mr. Coke.

According to the Centers for Disease Control and Prevention (CDC), nearly 40% of patients hospitalized from coronavirus were 20 to 54 years old. In New York, 18- to 49-year-olds comprise more than half of all cases in the state. In New York City, 57% of patients are male. *Younger Adults Make Up Big Portion of Coronavirus Hospitalizations in U.S.*, TheNewYorkTimes(Mar.20,2020) https://www.nytimes.com/2020/03/18/health/coronavirus-youngpeople.html; *Coronavirus Live Updates*,TheNewYorkTimes(Mar. 22, 2020) https://www.nytimes.com/2020/03/22/world/coronavirus-updates-world-usa.html   (updating regularly).

"Prisons are petri dishes for contagious respiratory illnesses." *Letter to the Editor: A prison doctor's stark warning on coronavirus, jails and prisons*. Los Angeles Times (Mar. 20, 2020). In a state county jail, such as WCJ, the population is transient and funds to care for inmates are limited. Public health experts agree that incarcerated individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe;" "infection control is challenging in these settings." :Achieving a Fair and Effective COVID-19 Response: An Open Letter to Vice-President Mike Pence, and Other Federal, State, and Local Leaders from Public Health and Legal Experts in the United States." (Mar. 2, 2020).

When an individual is in custody, the Bail Reform Act "permit[s] the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(I). And there is no more "compelling reason" than the individual's physical health and the health and safety of the community.

Further, we submit that release is appropriate because there exists a combination of conditions that will ensure that Mr. Coke will not present as a risk of flight or pose a danger to the community. To be sure, the allegations here are serious. However, we continue to await the government's Rule 16 discovery and at least part of the delay may be attributable to the turmoil of the COVID-19 virus. After learning what the government required by way of hardware, I forwarded a flash drive to the government for that purpose on March 20, 2020, and am awaiting receipt of the materials. At the initial presentment, the government proffered that both defendants are alleged to have discharged firearms, an allegation that was also featured in the complaint. Yet, we have received no forensic evidence (e.g., crime scene and ballistic analysis) evidencing that more than one firearm was discharged or that any firearm that was discharged can be connected to one that Mr. Coke is alleged to have possessed during the incident. According to the complaint, Mr. Coke is not alleged to have been the person who fired a shot that caused injury.

Judge Smith found that Mr. Coke had successfully rebutted the presumption of risk of flight but not of risk to the community (11/13/2019 Hearing tr. at 21). We submit that the bail conditions proposed here are sufficient to overcome the presumption of both risk of flight and risk to the community. Mr. Coke would be released into an environment where social interaction in general has been greatly curtailed due to the pandemic. Under the conditions proposed, he would be confined to his home (with whatever limited exceptions are permitted by the Court) and his movements would be traceable through monitoring. He would also be residing in a safe environment in a household headed by two care professionals (one a registered nurse) who are well versed in precautions required to address the COVID-19 crisis.

There is also a continuing issue with the COVID-19 crisis impairing counsel's access to Mr. Coke and his ability to participate in his defense as guaranteed by U.S. Const., Amend. VI. This includes difficulties encountered in communicating with Mr. Coke as well as issues with access to the jail law library for him to conduct research and examine discovery.

Accordingly, we respectfully submit that bail should be granted on the conditions proposed.

> Respectfully submitted,
> /s/ *Theodore S. Green*
> Theodore S. Green
> Green & Willstatter
> 200 Mamaroneck Avenue – Suite 605
> White Plains, New York  10601
> (914) 948-5656

Cc:   All counsel (by ECF)